UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-0246-06 |
| VERSUS | JUDGE DONALD E. WALTER |
| JUAN GONZALEZ | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the Court is a motion for compassionate release filed by the defendant, Juan Gonzalez ("Gonzalez"). See Record Document 403. The Federal Public Defender notified the Court that it would not be enrolling on behalf of Gonzalez. The Government opposes Gonzalez's motion. See Record Document 405. Based on the following, the motion for release is **DENIED**.

Gonzalez was charged in two counts of a sixteen-count indictment charging conspiracy to distribute methamphetamine and cocaine, along with eight co-defendants. Count Twelve charged Gonzalez with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and Court Sixteen charged him with possession with intent to distribute 500 grams or more of cocaine. See Record Document 1. Gonzalez eventually pled guilty to Count Twelve. On December 18, 2019, Gonzalez was sentenced by this Court to a term of seventy-one months of imprisonment. Gonzalez is currently housed at the Federal Correctional Institution Sheridan, Oregon ("FCI Sheridan"), and he has a projected release date of August of 2023.

Gonzalez filed a motion seeking compassionate release requesting time served, immediate release, or a stay of his sentence until the pandemic passes based on his assertion that his age, his disability (a birth defect in his left arm), and glaucoma makes him particularly susceptible to

becoming seriously ill if he contracted COVID-19.[1] See Record Document 403. The Government concedes that Gonzalez has exhausted his administrative remedies by filing a request through the Bureau of Prisons ("BOP") and the request was denied. See Record Document 405 at 2; see also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

The Government maintains that Gonzalez's motion fails on the merits. See Record Document 405. The Government also contends that Gonzalez has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). Id. at 8-11. Although Gonzalez asserts that he is entitled to compassionate release based on his conditions of age, his disability, and glaucoma, his medical records reveal that he has received both doses of the COVID-19 vaccine. The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Gonzalez's release. See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by

---

[1] Gonzalez also complains about the general conditions of his confinement. "[A]llegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." Schipke v. Van Buren, 239 F. App'x 85, 85-86 (5th Cir. 2007). Title 42 U.S.C. § 1983 is used to challenge conditions of confinement. See Poree v. Collins, 866 F.3d 235, 242-43 (5th Cir. 2017).

Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See U.S.S.G. § 1B1.13.[2] However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. The defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. §

---

[2] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

    (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 252,397 doses of the vaccine. See www.bop.gov/coronavirus (last updated 11/19/21). In fact, medical records reveal that Gonzalez received both doses of the Moderna COVID-19 vaccine as of July 12, 2021. See Record Document 405, Ex. 1. In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Gonzalez, have been vaccinated for COVID-19. See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021). Here, Gonzalez has not demonstrated extraordinary and compelling reasons for compassionate release. He notes his glaucoma, his age, and his disability and contends that he is entitled to compassionate release because of his heightened risk for mortality should he contract COVID-19. However, there is simply no record evidence as to the severity of his conditions or the extent to which such conditions impair Gonzalez's ability to care for himself. Furthermore, Gonzalez was sixty-seven years old when he was sentenced, and his age, disability, and glaucoma were noted in the presentence report and

considered by this Court at the time of sentencing. Gonzalez has failed to establish that extraordinary and compelling reasons exist to release him from prison.

The Court has also looked at the presence of COVID-19 at FCI Sheridan. There are one inmate and three staff members who are currently testing positive out of 1,552 total inmates.[3] http://www.bop.gov/coronavirus (last updated 11/19/2021). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020)). Gonzalez has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally, Gonzalez has not shown that the BOP is currently unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[4] Considering that Gonzalez

---

[3] Two inmates have died from the virus. No staff died from the virus. However, there are 234 inmates and 18 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 11/19/21).

[4] As mentioned, Gonzalez also requested a stay of his sentence. Assuming, without deciding that Gonzalez is somehow attempting to request release to home confinement, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic,

has received a COVID vaccination and the low number of cases at FCI Sheridan, he has failed to establish the existence of sufficient reasons based on his medical conditions, age, or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Gonzalez has not met his burden.

Even assuming that Gonzalez had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Gonzalez has not demonstrated that he qualifies for compassionate release under these guidelines. First, as previously mentioned, Gonzalez was sentenced in this Court for conspiracy to distribute and possess with intent to distribute cocaine. Second, Gonzalez has an extensive criminal history which began approximately seven years after he arrived in the United States from Cuba at the age of 27. From ages 34 to 39, Gonzalez was charged with numerous offenses involving controlled substances and firearms. During this period, Gonzalez was also convicted of murder.[5] He was released to parole in 1998 but returned to his life of crime in 2004, when he was charged with theft of goods. Thereafter, at age 53, he was charged with

---

the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

[5] Gonzalez was not assessed any criminal history points for this conviction, as it fell outside of the time period prescribed by the sentencing guidelines.

possession of cocaine with intent to distribute but pled guilty to an amended charge. At age 56, Gonzalez was again charged with distribution of cocaine, pled guilty, and was sentenced to seven years of imprisonment. His parole for this conviction began in September of 2012 and in December of 2012, he was arrested for a probation violation. At age 60, Gonzalez was charged with possession of marijuana. At age 66, he committed the instant offense. Unfortunately, it is clear to this Court that prior sentences of incarceration and age were unable to deter Gonzalez's continued criminal conduct and narcotics trafficking. In addition, he has served less than half of his current sentence. Furthermore, a deviation below the mandatory minimum sentence that was set by Congress would create a sentencing disparity between Gonzalez and other similarly situated defendants, thus invalidating a "just punishment" under 18 U.S.C. § 3553(a)(2)(A). In light of these, and other facts, to reduce Gonzalez's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against granting relief.

The Court shares Gonzalez's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk. The BOP currently has 7,682 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates

who have completed service of their sentence) is 34,513. https://www.bop.gov/coronavirus/ (last updated 11/19/2021).

For the foregoing reasons, **IT IS ORDERED** that Gonzalez's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 22nd day of November, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE